IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHELBY MIDGETT,                )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:25CV154
                               )
UNIT MANAGER HARRISON,         )
                               )
          Defendant(s).        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted an Affidavit alleging that guards at Scotland Correctional Institution injured him. The Affidavit is on a form intended for filing with the North Carolina Industrial Commission. This Court is a federal court, not a state court or office, and it has no connection whatsoever with the North Carolina Industrial Commission. Out of an abundance of caution, the Court treated the filing as a civil rights action pursuant to 42 U.S.C. § 1983. So treated, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(d).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint if he seeks to file under § 1983. To further aid Plaintiff, the Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). Plaintiff should use those forms to file his action in this Court if he intends to do so. However, he should be aware that his claim appears to allege negligent conduct by the guards and that negligence does not support a claim under § 1983. Plaintiff must set out facts showing intentional violations of his federal rights if he seeks to file an action under § 1983 in this Court. If he instead intends to file a negligence claim with the North Carolina Industrial Commission, he should send his filings to the Industrial Commission, not this Court.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above if he intends to file an action in this Court.

This, the 4th day of March, 2025.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
